UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

WILLIAM C. REYNOLDS,                )
    Plaintiff,                  )
                                    )
v.                                  )  Case No: 1:12-CV-396
                                    )  Collier/Carter
CAROLYN W. COLVIN,                  )
Commissioner of Social Security,    )
    Defendant.                  )

<u>REPORT AND RECOMMENDATION</u>

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner denying the plaintiff a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423, and 1382.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation regarding the disposition of Plaintiff's Motion for Judgment on the Pleadings (Doc. 13) and Defendant's Motion for Summary Judgment (Doc. 17).

For the reasons stated herein, I **RECOMMEND** the Commissioner's decision be **REVERSED** and **REMANDED** pursuant to Sentence Four of 42 U.S.C. 405(g).

<u>Plaintiff's Age, Education, and Past Work Experience</u>

Plaintiff, who was born in 1966 (Tr. 19, 73, 77, 91), was forty-four years old with at least a high school education as of the ALJ's decision (Tr. 19, 21, 97, 1177). Plaintiff has past relevant work as a maintenance mechanic supervisor, medium exertional level, skilled (Tr. 19).

Applications for Benefits

Plaintiff protectively applied for disability insurance benefits and supplemental security income on February 16, 2010, alleging disability beginning September 1, 2009 (Tr. 12, 73, 77, 1177-78). His claims were denied initially on July 25, 2010 (Tr. 22-23), and on reconsideration on February 15, 2011 (Tr. 24-25). An administrative law judge (ALJ) held a hearing on September 9, 2011 (Tr. 1173-94), and issued a decision on October 6, 2011 finding Plaintiff not disabled (Tr. 12-21). The Appeals Council denied Plaintiff's request for review (Tr. 4-7), and the ALJ's decision is now ripe for review under 42 U.S.C. § 405(g).

Plaintiff alleged he was disabled due to head trauma, brain injury, memory loss, and post traumatic stress disorder (PTSD) (Tr. 96).

Standard of Review - Findings of the ALJ

To establish disability under the Social Security Act, a claimant must establish he/she is unable to engage in any substantial gainful activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); Abbot v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. § 404.1520. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity he/she is not disabled; (2) if the claimant does not have a severe impairment he/she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment he/she is disabled; (4) if the claimant is capable of returning to work he/she has done in the past he/she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he/she is not disabled. Id. If the

2

ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. § 404.1520; Skinner v. Secretary of Health & Human Servs., 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a prima facie case that he/she cannot return to his/her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he/she can perform considering his/her age, education and work experience. Richardson v. Secretary, Health and Human Servs., 735 F.2d 962, 964 (6th Cir. 1984); Noe v. Weinberger, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 28 L. Ed. 2d 842, 92 S. Ct. 1420 (1971); Landsaw v. Secretary, Health and Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. Ross v. Richardson, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994) (citing Mullen v. Bowen, 800 F.2d 535, 548 (6th Cir. 1986)); Crisp v. Secretary, Health and Human Servs., 790 F.2d 450 n. 4 (6th Cir. 1986).

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since September 1, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: status post traumatic brain injury; obesity; rule out memory disorder; mood disorder; and post-traumatic stress disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d),404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a); in addition, he can tolerate no exposure to workplace hazards such as unprotected heights or moving machinery; can perform simple one-and two-step tasks; must have only minimal contact with the public in a job dealing primarily with things rather than people, and infrequent workplace changes.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on December 3, 1966, and was 41 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a) 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 14-20).

Issues Presented

I. The ALJ's mental residual functional capacity ("RFC") finding is not supported by substantial evidence, as the ALJ either wholly ignored material pieces of evidence or did not provide adequate evaluation of other material evidence.

II. The ALJ's decision is not supported by substantial evidence, the ALJ failed to consider the effects of the claimant's well-established chronic, daily headaches on his ability to sustain attendance.

Analysis

Both of the issues presented assert significant issues were not addressed by the ALJ in his opinion and that there is therefore not substantial evidence to support the decision. For reasons that follow, I agree.

*GAF scores*

The ALJ rejected the Global Assessment of Functioning ("GAF") scores. The ALJ reasoned that GAF scores "are not based on standardized norms and admittedly provide only a snapshot impression of an individual's psychological status. . . ." (Tr. 16). The ALJ further stated that "detailed observations and descriptions in a provider's notes are a vastly superior reflection of an individual's true functional abilities than a shorthand GAF score. . . ." (Id.). As Plaintiff notes however, the ALJ does not cite to any observations and descriptions from treating providers to contradict the assigned GAF scores. Plaintiff argues the ALJ rejected the numerous GAF scores in the record that would support a finding of severe social and occupational impairment (Tr. 16). A review of the record shows that from the time of Plaintiff's alleged onset

5

date through the date of the hearing in this matter, treating psychologists and psychiatrists at the VA, almost without exception, rated Plaintiff's GAF at 50 and on one occasion 45. (See, e.g., Tr. 763, 780, 783, 790, 1044 and 1068). In light of the multiple GAF scores in this range, I conclude a fuller explanation of the reason for their rejection is required. I note that the GAF scale shows 41 to 50 as serious symptoms but the range of 51 to 60 reflects moderate symptoms. There may be reasons why the ALJ concluded the scores did not reflect serious symptoms but the articulation of those reasons is for the ALJ and not this court.

*Evaluations of Record*

Turning to other evaluations of record, the ALJ failed to adequately address some opinions and failed to provide adequate support for the rejection of others. Two separate VA examining doctors, clinical psychologist Kristine Lokken, Ph.D. and Board Certified Psychiatrist, Robert Adams, M.D., opined that Plaintiff has severe, disabling mental and personality impairments that arguably might preclude him from fulltime work. The ALJ's decision does not discuss these assessments. In addition, while the ALJ did discuss the evaluation performed by David M. Thompson, M.A., he did not provide any rationale for rejecting the portions of that assessment that were supportive of disability (Tr. 15, 722-26). Specifically, the ALJ did not adequately explain why he rejected Mr. Thompson's assessment that Plaintiff had moderate to marked limitations in interacting with others and adapting to changes and requirements in the workplace (Tr. 15, 725). I conclude these omissions require remand.

Social Security regulations provide that the ALJ is required to evaluate every medical

6

opinion received. See 20 C.F.R. § 404.1527(b). The regulations specifically provide that "[r]egardless of its source, we will evaluate every medical opinion we receive," using the following factors:

(1) the examining relationship, with more weight accorded to a physician who has examined the claimant than one who has not;

(2) the treatment relationship, including the length of treatment of the claimant, the frequency of examination, and the nature and extent of the treatment relationship;

(3) the support of the physician's opinion afforded by the medical evidence of record;

(4) the consistency of the opinion with the record as a whole;

(5) the specialization of the physician, with more weight accorded to a specialist than to a non-specialist; and

(6) other factors, including the amount of understanding of the Commissioner's disability programs and their evidentiary requirements, and the extent to which an acceptable medical source is familiar with other information in the case record.

20 C.F.R. § 404.1527(d). If the medical source is a treating medical provider, the regulations require that the ALJ provide "good reasons" in the "notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(d)(2).

In this case the ALJ failed to evaluate the VA medical opinions and failed to provide any explanation for the weight given to portions of the consultative psychological evaluation.

*The VA Rating*

Finally, the ALJ failed to adequately evaluate Plaintiff's 100% VA rating. The ALJ dismissed the VA disability determination by simply noting "that disability decisions of other entities, such as the Veterans Administration, are made using different criteria and thus are not

7

binding on my decision." (Tr. 19). According to the Commissioner's own rules and regulations, a decision by any governmental agency about whether an individual is disabled must be considered evidence. 20 C.F.R. § 404.1504(b)(5). While such evidence may not be binding on the Administration, various Circuit Courts, including the Sixth Circuit, have held that the Commissioner must give the decisions of other agencies evidentiary weight.

Plaintiff cites Stewart v. Heckler, where the Court of Appeals for the Sixth Circuit held that a claimant's subjective complaints together with a Veterans Administration finding of total disability and an absence of substantial evidence to the contrary required an award of disability benefits. Stewart v. Heckler, 730 F.2d 1064, 1068 (6th Cir. 1984). In Harris v. Heckler, the Court described as audacious the Commissioner's denial of disability benefits despite favorable disability determinations by a workers' compensation program and by the Black Lung Program. Harris v. Heckler, 756 F.2d 431, 434 (6th Cir. 1985). Furthermore, the Fourth, Fifth, Ninth, and Eleventh Circuit Courts have held that a VA ratings decision was entitled to "great weight." See De Loatche v. Heckler, 715 F. 2d 148, 150 (4th Cir. 1983); Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001); McCartey v. Massanari, 298 F.3d 1072 (9th Cir. 2002); Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984).

In this case, the ALJ broadly concluded, "while such decisions may be entitled to great weight, they are merely one of the many factors I have considered in reviewing the record as a whole." (Tr. 19). However, the ALJ appears to have dismissed the VA determination without giving any weight to its conclusion, despite the statement that "some weight" was given. It is unclear how much weight was given to the evaluations of the VA.

8

*Headaches*

Plaintiff next argues remand is required because the ALJ failed to address Plaintiff's recurrent, severe headaches, despite the record being replete with references to evaluation and treatment of chronic headaches. At the hearing in this matter, Plaintiff testified he has chronic headaches on a daily basis. On a scale of one to ten, Plaintiff rated most headaches at a seven. He testified that he was very sensitive to light. He further testified that he experienced "real bad" migraine type headaches occurring at least two to three times per week, for which he took medication. (Tr. 1183-84).

As Plaintiff argues, testimony regarding headaches is supported by the medical evidence of record. On September 17, 2009, neurologist Brain Wade Peterson, M.D. evaluated Plaintiff for headaches (Tr. 231-35). On October 29, 2009, Plaintiff was approved for a neurology consultation for a possible nerve block for "post-traumatic headaches that may have a component of [left] occipital neuralgia (Tr. 213). In the neuropsychological evaluation performed by Dr. Lokken, Plaintiff reported daily headaches since his traumatic brain injury that had worsened over time. Plaintiff stated in that evaluation that his headaches were accompanied by intermittent nausea, dizziness, and sensitivity to light and noise (Tr. 217). Dr. Peterson saw Plaintiff again on February 25, 2010 and adjusted Plaintiff's medications (Tr. 281). Plaintiff underwent a neurological examination on July 19, 2010, as part of the evaluation for service-connected disability related to his headaches (Tr. 809-16).

The Commissioner responds noting that Plaintiff appears to contend the ALJ should have found his complaints of headaches to be a severe impairment and then argues that at step two,

9

the ALJ found Plaintiff had severe impairments of status post traumatic brain injury, obesity, rule out memory disorder, mood disorder, and PTSD (Tr. 14-15, Finding No. 3). Therefore, the ALJ found in Plaintiff's favor at step two and proceeded through the other steps of the sequential evaluation process (Tr. 14-20). See 20 C.F.R. §§ 404.1520(a)(4)(iii)-(v), 416.920(a)(4)(iii)-(v). Therefore, the specific impairments the ALJ noted in his step two finding and whether other impairments could possibly have been considered severe is irrelevant. See Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987); see also McGlothin v. Comm'r of Soc. Sec., 299 F. App'x 516, 522 (6th Cir. 2008) (noting it was "legally irrelevant" that an ALJ found some impairments not severe because the ALJ found the claimant had severe impairments and completed the evaluation process).

The Commissioner also argues Plaintiff failed to meet his burden of proving he had any additional separate and distinct severe impairments during the relevant period, arguing that to qualify as a severe impairment at step two of the sequential evaluation process, an impairment must significantly limit a claimant's physical or mental abilities to do basic work activities. Citing; 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a); Social Security Ruling (SSR) 96-3p, 1996 WL 374181 (S.S.A.), at *2. The ALJ already found Plaintiff had the severe impairment of status post traumatic brain injury (Tr. 14, Finding No. 3), therefore, continues the argument, Plaintiff fails to show his headaches were a separate and distinct severe impairment. The Commissioner then points to two treating neurologists Brian Wade Peterson, M.D., and Michael J. McLean, M.D. Both indicated Plaintiff's headaches were the result of his past head trauma (Tr. 667, 816). Thus, Plaintiff's headaches were accounted for in the severe impairment

10

of status post traumatic brain injury.

However, in this case the ALJ failed to discuss the effects of Plaintiff's headaches on his ability to perform work activity. There is evidence to support the presence of possibly disabling headaches. Both Plaintiff's testimony and the medical evidence confirming his history of headaches support a finding that headaches constituted an impairment that could result in work-related limitations. The ALJ, however, failed to address this aspect of Plaintiff's case so I have no way to know if he considered the Plaintiff's headaches or their possible effect on his ability to work.

Therefore I conclude these additional issues need further development. This is a very complicated case with a large record. I am recommending remand but in doing so I commend the ALJ's, as I have in the past, for the difficult task they face in adjudicating the vast number of cases which they must handle in a limited amount of time.

## Conclusion

Having carefully reviewed the entire administrative record and the briefs of the parties filed in support of their respective motions, I conclude the findings of the ALJ and the decision of the Commissioner that Plaintiff can perform sedentary work with additional limitations is not supported by substantial evidence for the reasons set forth above. However, evidence of disability is not overwhelming and there is evidence to support the Commissioner therefore remand is the appropriate remedy. Accordingly, I RECOMMEND[1] that:

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting

11

1. Plaintiff's motion for judgment on the pleadings (Doc. 13) seeking judgment as a matter of law be GRANTED in PART to the extent it can be said to seek remand under Sentence Four of 42 U.S.C. 405(g).

2. Defendant's motion for summary judgment (Doc. 17) be DENIED.

3. The Commissioner's decision denying benefits be REVERSED and REMANDED pursuant to Sentence Four of 42 U.S.C. 405(g) for action consistent with this Report and Recommendation.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).